**Makeen K. ITHNA'ASHERI, 77–B–1073, Plaintiff,**

v.

**NEW YORK STATE DIVISION OF PAROLE, Division of Parole Commissioner, Administrative Law Judge Kenneth Graber, Larry Weaver, Senior Supervisor for Parole, and Ronald Laduca, Parole Officer, Defendants.**

**No. 05–CV–0194SR.**

United States District Court,
W.D. New York.

April 8, 2005.

---

Makeen K. Ithna'Asheri, Albion, NY, pro se.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff has submitted a complaint under 42 U.S.C. § 1983 and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff seeks a declaratory judgment that his constitutional rights were violated during his parole revocation hearing and requests monetary relief for the violation.

Plaintiff alleges that his constitutional rights were violated at his parole revocation hearing when he pleaded guilty to one count of child endangerment in exchange for a promise that he would obtain a conditional discharge and his parole would not be violated.[1] Plaintiff claims, *inter alia,* that defendant, Administrative Law Judge Kenneth Graber, violated his due process rights during his parole revocation hearing when Graber recommended[2] that plaintiff's parole be revoked, causing him to be incarcerated. He also alleges that Graber should have offered him an alternative to incarceration and that Graber's recommendation that he have no contact with his wife was cruel and unusual punishment. He seeks a declaration that his rights were violated and monetary relief for the alleged constitutional violations. For the following reasons, the complaint must be dismissed.

It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Plaintiff has filed such a proceeding. Moreover, an inmate cannot use § 1983 to recover damages where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction,"

---

1. Plaintiff presently has a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 pending in this Court (04–CV–0880Sr) in which he raises similar claims. The Court has ordered plaintiff to show cause why that petition should not be dismissed for failure to exhaust state court remedies. A determination with respect to that is pending with the Court.

2. It is not clear whether Graber's recommendation has been adopted by the New York State Parole Board. (Complaint, ¶ 6(B)). In any event, as set forth below, the complaint must be dismissed because a favorable determination in this § 1983 would necessarily imply the invalidity of a final parole determination.

*Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383(1994), and a § 1983 cannot lie "unless ... the conviction or sentence has already been invalidated" on direct appeal or by a habeas corpus petition. *Id.* at 487, 114 S.Ct. 2364. The Supreme Court further held in *Edwards v. Balisok,* 520 U.S. 641, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), that habeas was the sole mechanism for an inmate's constitutional challenge to a prison disciplinary hearing which led to a revocation of the inmate's accrued good-time credits because the "principal procedural defect complained of," namely deceit and bias on the part of the disciplinary hearing officer, "would, if established, necessarily imply the invalidity of the deprivation [the inmate's] good-time credits." Therefore, in *Edwards* the inmate's suit for declaratory relief and damages pursuant to 42 U.S.C. § 1983 arising out of alleged procedural due process violations during the disciplinary hearing was barred by the holding in *Heck.* In so doing, the Court explained that even though the plaintiff did not seek the restoration of his good-time credits, "a ruling in his favor on his procedural claims would necessarily vitiate the administrative decision revoking his good-time credits." *Jenkins v. Haubert,* 179 F.3d 19, 25 (2d Cir.1999).

Just this past month, the Supreme Court again had the opportunity to address the distinction between habeas corpus proceedings and a § 1983 action when it held that two Ohio prisoner's § 1983 actions for declaratory relief challenging Ohio's procedures used to deny parole eligibility and parole suitability were not barred because neither prisoner sought his "immediate or speedier release" and "a favorable judgment would not" necessarily imply the invalidity of [their] conviction[s] or sentence[s]. *Wilkinson v. Dotson,* —— U.S. ——, 125 S.Ct. 1242, 1249, —— L.Ed.2d ——, 2005 WL 516415, at *6 (2005). In summarizing the holdings of

*Preiser, Heck, Edwards* and *Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held these cases taken together, "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson,* 125 S.Ct. at 1248, 2005 WL 516415, at *6 (emphasis in original).

█ In the instant matter, there is no doubt that plaintiff is challenging a New York State parole determination—premature as it may be—and that any success in this matter would necessarily imply the invalidity of the underlying parole violation. Therefore, under the circumstances here, plaintiff cannot challenge the determination of Administrative Law Judge Graber's recommendation to revoke parole and seek declaratory relief and damages unless and until the recommendation has been reversed or vacated. Accordingly,

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.